IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OCTAVIO D. VILLA,

      Plaintiff,

vs.                                               No. CV-08-476 WPJ/RLP

MARTIN MARTINEZ, GREG MARTINEZ,
DEAN THATCHER, GREGORY GARCIA,
JUAQUIN LEGARRETA, individually and In Their
Official Capacity As Members of the
Las Cruces Police Department,

      Defendants.

### MEMORANDUM OPINION and ORDER

**THIS MATTER** comes before the court on two motions filed by Defendants, Motion for Extension of Discovery Period and Pretrial Deadlines (Docket No. 22) and Motion for Rule 35 Independent Medical Examination (Docket No. 23). For the reasons stated herein, the Motion for Extension of Discovery Period and Pretrial Deadlines is **GRANTED IN PART AND DENIED IN PART**; the Motion for Rule 35 Independent Medical Examination is **DENIED**.

I.    Motion to Extend Discovery Period

Plaintiff served his initial disclosures on September 19, 2008. He identified one physician witness, David Valenzula, M.D., a physiatrist, T. Gregory Kopp, and several individuals as potential trial witnesses. [Docket No. 22, Ex. A; Docket No. 4]. Defendants did not serve Interrogatories on Plaintiff until May 20, 2009, forty days prior to the end of discovery. Interrogatory No. 1 asked Plaintiff to identify all "physicians . . . who have provided medical care, counseling, and/or treatment to Plaintiff since January 1, 2005." Interrogatory No. 6 asked Plaintiff to identify all witnesses to the event underlying this lawsuit. Plaintiff

served his Answers to the Interrogatories on June 23, 2009, listing two medical care providers and three lay witnesses who were not listed in his initial disclosures. It is Defendants' position that the discovery period should be extended so that they can depose previously "undisclosed" experts and lay witnesses listed by Plaintiff in Interrogatory Answers.

Plaintiff asserts that his Initial Disclosures "clearly delineated the precise nature of his claims and identified the medical care providers Plaintiff intends to call at trial, " and that the answer to the Interrogatory No. 1 "does not amend Plaintiff's Initial Disclosures." Plaintiff does not address Interrogatory No. 6, or indicate whether he intends to call the new lay witnesses listed in that Interrogatory to testify at trial.

Pursuant to the Scheduling Order entered on February 3, 2009, discovery in this matter ended on June 29, 2009. The Scheduling Order clearly states that "discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date." [Docket No. 18]. Defendants have not established good cause for extending the discovery deadline.

Plaintiff has affirmatively stated that he will not call the physician witnesses listed in Interrogatory No. 1. Accordingly, there is no need to reopen discovery for the purpose of deposing those individuals. Defendants have provided no reason for their failure to seek the identity of lay witnesses in a manner consistent with the requirements of the Scheduling Order, that is, obtaining the identity of witnesses in a timely manner that would allow for them to complete depositions prior to the close of discovery. However, Plaintiff may not be permitted to call these witnesses at trial if it is determined that his failure to list them in his initial

disclosures violated F.R.Civ.P. 26(a)(1)(A)(I), or that his failure to supplement his initial disclosures by identifying them violated F.R.Civ.P. 26(e)(1)(A). That issue, however, is not before me.

II.     Motion for Rule 35 Independent Medical Examination

Defendants indicated their intent to file a motion for Rule 35 examination on June 3, 2009, prior to the close of discovery. [Docket 22, Ex. C]. They did not file that motion until July 8, 2009, after the close of discovery. It is the Defendants' position that the Motion is timely because it is a motion related to discovery, not discovery *per se.* They are mistaken. Examinations conducted pursuant to F.R.Civ.P. 35 are discovery. Schlagenhauf v. Holder, 379 U.S. 104, 117, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) ["The discovery devices sanctioned by Part V of the Federal Rules include . . . physical and mental examinations of parties (Rule 35)."]. Because Scheduling Order established a date by which discovery was to be closed, it necessarily closed all discovery by this date, including mental and physical examinations. Defendants have provided no legal support to the contrary.

III.    Motion to Extend Pretrial Motions and Pretrial Order Deadline

The Scheduling Order set a deadline of August 17, 2009 for pretrial motions, and November 2, 2009 for submission of the Pretrial Order to the District Judge. Defendants request that these deadlines be extended to early 2010, closer to the April 28, 2010 trial date. I find that there is good cause to extend these deadlines as set forth below.

**IT IS THEREFORE ORDERED** as follows:

1)      Defendants' Motion to Extend Discovery is **DENIED**.

2)      Defendants' Motion for Rule 35 examination is **DENIED**.

3) Defendants' Motion to Extend Pretrial Motions and Pretrial Order Deadline is **GRANTED**.  Pretrial Motions shall be due on **December 17, 2009**;  Plaintiff shall provide his portion of the consolidated final Pretrial Order to Defendants on or before **February 1, 2010**; Defendants shall provide the consolidated final Pretrial Order to the Court on or before **February 15, 2010.**

**IT IS SO ORDERED.**

_____
Richard L. Puglisi
United States Magistrate Judge