**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

OCTAVIO D. VILLA,

Plaintiff,

vs. Cause No. CV-08-476WPJ/RLP

MARTIN MARTINEZ, GREG MARTINEZ,
DEAN THATCHER, GREGORY GARCIA,
JOAQUIN LEGARRETA, Individually and In Their
Official Capacity As Members of the Las Cruces Police Department,

Defendants.

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE (DOCKET NO. 31)

COMES NOW Plaintiff, by and through his counsel of record, and offers the following as his Response in opposition to Defendants' Motion In Limine. The Motion should be denied for several reasons. The only challenges to Dr. Valenzuela's qualifications to testify are based upon the unsupported arguments of counsel. Opposing counsel elected not to conduct any timely discovery or depositions of Dr. Valenzuela. He elected not to conduct any timely discovery regarding the nature and extent of Plaintiff's damages other than requesting the records and bills incurred in connection with Plaintiff's medical care. Defendants offer no basis to exclude the routine "fact opinions" regarding whether the injuries were caused by physical trauma.[1]

Defendants' attempt to ask that their Motion be treated as a motion for summary judgment is completely improper. If Defendants seriously wanted to file a motion for summary

[1]The Motion should also be denied because counsel did not seek concurrence before filing this Motion as required by D.N.M.LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied.")

judgment, they should have made some effort to comply with the rules of this Court. Their effort to transform the Motion In Limine into a motion for summary judgment is not based on appropriate facts or opinions from qualified experts - Defendants do not have any qualified experts regarding the nature and cause of Plaintiff's injuries. Their failure to make the smallest effort to file a motion for summary judgment which conforms with the local rules of this Court makes it impossible for Plaintiff or the Court to determine what facts are and are not genuinely in dispute.

Defendants' legal analysis is flawed. The errors in Defendants' arguments are readily apparent by comparing *Farris v. Intel Corp.,* 493 F. Supp. 2nd 1174(D.N.M. 2007) with the facts of this case. Contrary to Defendants' representations, *Farris* did not say that a treating physician may not testify regarding conclusions reached during the course of treatment as to the cause of a specific injury or illness. Instead *Farris* held that a treating physician could not offer toxicology opinions as to whether a particular disease could be cause by chemical exposure. *Farris*, 493 F. Supp. at 1181. However *Farris* did note that treating physicians should be routinely permitted to offer "fact opinions" regarding the conclusions they reach during the course of their treatment and in planning for future treatment.

> Thus, it is clear that, as Plaintiffs' treating physician, [the physician] is a hybrid witness for whom no Rule 26(a)(2)(B) disclosures are required for opinions relevant to that capacity. As a hybrid witness, [the doctor] is permitted to testify to "fact opinions." However, the scope of such opinion testimony is circumscribed. *Hall v. Sykes*, 164 F. R. D. 46, 48 (E.D. Va. 1995) ("If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment, then such an opinion may be expressed by the treating physician without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B)... However, if a physician, even though he may be a treating physician, is specially trained or employed to render a medical opinion based upon factors that were not learned in the course of treatment of the patient,

> then such a doctor would be required to present an expert written report."). Thus, [the doctor] is permitted to give expert testimony regarding "fact opinions" as to causation, diagnosis, prognosis, and the extent of Plaintiff's disability or injury derived from his observations and treatment.

*Farris,* 493 F. Supp. at 1179 - 80 (emphasis added).

Dr. Valenzuela's testimony regarding the cause of Plaintiff's injuries is consistent with the opinions he reached during the course of his diagnosis and treatment of Plaintiff's injuries. Thus, these opinions fall squarely within the context of what doctors do every day when faced with physical injuries caused by trauma whether from a fall, car accident or physical assault. Doctors are routinely required to form such opinions in the course of their treatment. Defendants' criticisms about relying on diagnostic studies or forming opinions regarding the etiology of an injury based upon the available medical evidence are without merit. Of course, at trial, Plaintiff will be required to lay an appropriate foundation for Dr. Valenzuela's testimony which must, and will, include evidence that Dr. Valenzuela ordered and relied upon the type of medical and diagnostic studies typically relied upon by physicians practicing within his medical speciality.

All of the cases cited by Defendants' Motion are equally taken out of context. Each restricts the ability of treating physicians to offer opinions regarding scientific principles and theories which are either outside their specific area of medical training, or which were formed outside of their treatment of their patients. This is simply not the case with Dr. Valenzuela's proposed testimony.

Defendants' "Motion For Summary Judgment" is equally baseless.[2] First, there is no rule

---

[2]Here again, Defendants did not seek the concurrence of opposing counsel before filing this Motion.

that permits a litigant to transform a Motion In Limine into a Motion For Summary Judgment. In fact, the local rules of this Court are very specific as to what must be included in a motion for summary judgment. *See,* D. NM. LR.-Civ. 56.1(b) (noting that a moving party "must file" a memorandum along with a motion for summary judgment which "must" set out a concise statement of all material facts, which "must" be numbered and refer with particularity to those portions of the record upon which movant relies.). Defendants' failure to comply with any of these requirements is not just a technical breach of their obligations, it makes it impossible for Plaintiff, or the Court, to set forth in an organized fashion what facts are and are not in dispute. Of course, the route reason for Defendants' inability or willingness to comply with these requirements must be attributed to their failure to take timely depositions regarding Plaintiff's injuries and medical condition.

Additionally, all of the cases cited by the Defendants are completely inapposite to the situation presented here. This is a straightforward claim that the Plaintiff was physically assaulted by law enforcement officers and suffered severe injuries to his hand, arm and wrist as a result. Plaintiff sought medical treatment for these injuries from a qualified medical physician. The physician ordered appropriate studies and formulated a treatment plan based on his assessment using standard and routine considerations typical for this field of medicine. The Court should remember that the Defendants failed to conduct discovery regarding this doctor's opinions, failed to depose the doctor and apparently failed to request any additional medical records other than those provided by Plaintiff. They then attempted to reopen discovery which was denied. This Motion appears to be a last ditch attempt by the Defendants to cure their complete failure to gather any contrary causation evidence.

WHEREFORE Plaintiff respectfully requests that the Court deny the Defendants' Motion In Limine and all other relief requested by the Defendants, and that the Court grant such further relief as it deems just and proper.

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.

/s/ James P. Lyle

James P. Lyle
Attorney for Plaintiff Octavio Villa
1116 Second Street, N.W.
Albuquerque, NM 87102
(505) 843-8000

I hereby certify that a true copy of the foregoing pleading was served upon all counsel of record through the filing of this pleading with the United States District Court CM/ECF system this 30th day of December, 2009.

/s/ James P. Lyle
James P. Lyle