**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

OCTAVIO D. VILLA,

    Plaintiff,

v.                                                                                      No. 08-CV-476 WJ/RLP

MARTIN MARTINEZ, GREG MARTINEZ, DEAN
THATCHER, GREGORY GARCIA, JOAQUIN LEGARRETA,
Individually and In Their Official Capacity As Members of the
Las Cruces Police Department,

    Defendants.

**MEMORANDUM ORDER AND OPINION DENYING IN PART DEFENDANTS'
MOTION IN LIMINE REGARDING SCOPE OF MEDICAL TESTIMONY**

THIS MATTER comes before the Court on Defendants' Motion in Limine Regarding Scope of Medical Testimony (Doc. 31). Specifically, Defendants want to limit the testimony of Dr. David Valenzuela, Plaintiff's treating physician, to testimony relating to his actual treatment of the Plaintiff. Defendants argue that Dr. Valenzuela should not be allowed to testify regarding any permanent injury to Plaintiff, the causes of any permanent injury, or the costs of future medical treatment. Because this Court finds that Dr. Valenzuela may testify about causation and the permanent nature of Plaintiff's injuries so long as Dr. Valenzuela bases his testimony on his personal observations during the course of treatment, I hereby DENY IN PART Defendant's motion.

**BACKGROUND**

This case arises out of an incident during which police officers entered Plaintiff's front yard, performed an arm-bar maneuver on Plaintiff, and placed him in handcuffs in the back of a

police squad car.  Plaintiff has asserted claims for illegal entry, illegal detention and excessive force.  He also complains that, as a result of the police officer's actions, his left wrist and arm were severely injured, that his injuries required extensive medical care, and that he has "lost most of the use of his arm and hand."  Plaintiff is requesting punitive damages as well as damages for past and future medical expenses, mental and emotional distress, pain and suffering and loss of enjoyment of life.  Complaint at 3.

During discovery, Plaintiff disclosed Dr. David Valenzuela as his only testifying physician witness.  Dr. Valenzuela treated Plaintiff for his injuries shortly after the encounter with the police occurred.  According to the doctor's medical records, Dr. Valenzuela performed an MRI on Plaintiff which produced normal results and ran a nerve conduction study which indicated some abnormality.  He diagnosed Plaintiff with a severely strained forearm and prescribed pain medication.  He also referred Plaintiff to a neurologist and attempted to refer him to an orthopedic surgeon.  Dr. Valenzuela continued to see Plaintiff over the next year and a half.

Plaintiff did not submit the names of any other testifying physicians, and he represented to this Court and opposing counsel that Dr. David Valenzuela will be the only testifying physician.  Because Dr. Valenzuela was Plaintiff's treating physician, Dr. Valenzuela did not submit an expert report pursuant to Federal Rule of Civil Procedure 26(a)(2).  For some reason, Defendants chose not to depose Dr. Valenzuela to discover his opinions on causation and the extent of Plaintiff's injuries.  Rather, Defendants filed this Motion requesting that the Court limit Dr. Valenzuela's testimony to the scope of his actual treatment.  Defendants argue that Dr. Valenzuela should not be allowed to testify regarding any permanent injury to Plaintiff, the causes of any permanent injury, or the costs of future medical treatment.  He also should not be permitted to testify about the opinions or treatment of the physicians to whom he referred the

Plaintiff.

Finally, Defendants ask for partial summary judgment if the Court grants this motion in limine. If the Court prevents Dr. Valenzuela from testifying about the cause of any permanent injury to Plaintiff, then Plaintiff has no evidence of causation. In a case like this where expert testimony regarding causation is necessary, Defendants argue, partial summary judgment in favor of Defendants would be appropriate. The question of whether Plaintiff is entitled to damages for his sprained forearm and past medical costs would remain triable issues.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) sets out the rules governing disclosure of expert testimony. It first requires that the parties disclose the names of any expert witnesses they intend to use at trial. It further requires certain witnesses—those retained specifically to provide expert testimony or those employees of the party whose duties regularly involve giving expert testimony—to submit a written report regarding their proffered opinions. Treating physicians, on the other hand, are generally not subject to this second requirement and may testify about matters within the scope of their treatment without submitting an expert report. *See Farris v. Intel Corp.*, 493 F.Supp.2d 1174, 1179-80 (D.N.M. 2007) (noting that the advisory committee notes to the 1993 amendments single out treating physicians as an example of a class of experts who typically do not need to submit a written report). That is primarily because the treating physician has made observations and formed opinions independent of, and normally prior to, any litigation. On the other hand, if a treating physician is asked to review the records or reports of another physician in anticipation of trial, the treating physician becomes subject to the requirements of Rule 26(a)(2)(B) and must submit an expert report. *See Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995) ("For example, a treating physician requested to review

medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specially retained.").

Here, the Plaintiff duly identified Dr. Valenzuela as a testifying expert witness but did not submit an accompanying expert report. It is clear that Dr. Valenzuela may testify about any matters within the scope of his actual treatment of Plaintiff. This may include testimony regarding causation, diagnosis, prognosis and the extent of Plaintiff's injury *in so far* as such testimony was derived from Dr. Valenzuela's personal knowledge and observations. *See Farris*, 493 F.Supp.2d at 1180. Without submitting an expert report, however, Dr. Valenzuela may not proffer any opinions based on information learned outside of, and not related to, his treatment of Plaintiff. *Id.* He may not testify as to the treatment or observations of the neurologist or orthopaedic surgeon to whom he referred the Plaintiff *unless* he reviewed these records in the ordinary course of treating Plaintiff. *See Vaughn v. United States*, 542 F.Supp. 1331, 1337 n.3 (S.D. Ga. 2008) (permitting treating physician to base opinions on the records of other physicians when the treating physician reviewed the records, prepared a case history, and drew conclusions on causation in the course of treating the patient before any litigation began).

Therefore, this Court will deny Defendants' motion in part.[1] Dr. Valenzuela may testify about the possible causes of Plaintiff's injury and the permanent nature of that injury so long as he formed those opinions during the course of his actual treatment. *Hall v. Sykes*, 164 F.R.D. 46 (E.D. Va. 1995) ("If a treating physician forms an opinion of the causation of an injury to a

---

[1] In the conclusion of their Motion in Limine, Defendants request a *Daubert* hearing "on the question of exclusion of medical testimony." Defendants have not, however, explained whether they are challenging Dr. Valenzuela's testimony on the basis of his qualifications, the reliability of his testimony, or some other ground. Regardless, given my ruling, I see no need to hold a *Daubert* hearing at this point.

patient and the prognosis of the patient's condition *during the treatment* then such opinion may be expressed by the treating physician without the necessity of a report . . . .") (emphasis added). He may testify about any opinions he reached based on his personal observations of Plaintiff as well as the results of the MRI and nerve conduction study he ordered.  He may not, however, testify about the results or conclusions reached by any other physician unless he reviewed those reports in the ordinary course of treating Plaintiff before this litigation began.

Because Defendants chose not to depose Dr. Valenzuela in order to discover the content of his testimony, Defendants' objections to his testimony are based—at least partially—on guesswork.  Without knowing the content of Dr. Valenzuela's opinions, neither Defendants nor this Court know how Dr. Valenzuela plans to show causation or permanent injury.  The Court will do its best to monitor the substance of Dr. Valenzuela's testimony to ensure that it stays within the scope of the doctor's personal observation and treatment of Plaintiff.  Next time, however, Defendants should consider taking the time to depose Plaintiff's only causation witness before objecting to his potential testimony.

Finally, the Court need not address Defendants' purported request for summary judgment.  Such a request is not appropriate when it is buried within an evidentiary motion in limine.  Had defense counsel examined the local rules of this Court, they would have discovered that those rules clearly lay out the components and format for a motion for summary judgment.  In any case, because the Defendants' request presupposed that the Court would grant Defendants' Motion in Limine, the request for summary judgment is moot.

## CONCLUSION

In conclusion, I hereby DENY IN PART Defendants' Motion in Limine Regarding Scope of Medical Testimony.  As Plaintiff's treating physician, Dr. Valenzuela may testify about any

and all matters within the scope of his treatment of Plaintiff—including his opinions regarding the cause of Plaintiff's injuries and the permanent nature of those injuries.  He may not, however, proffer any opinions based on information learned outside of, and not related to, his treatment of Plaintiff.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE